FILED



**NOT FOR PUBLICATION**

NOV 03 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONGXING GUO; JUAN HE, | No. 11-72944 |
| Petitioners, | |
| v. | Agency Nos.   A088-113-528<br>A088-113-529 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| JUAN HE, | No. 14-70587 |
| Petitioner, | Agency No.   A088-113-529 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 15, 2015
Honolulu, Hawaii

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

Petitioners Longxing Guo and Juan He petition for review of a decision by the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of their application for asylum based on past persecution, in which they allege that Petitioner He suffered a forced abortion in China. In a separate petition, He also challenges the BIA's denial of her motion to reopen based on changed country conditions. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.

We deny both petitions for review. The BIA properly affirmed the IJ's adverse credibility determination as supported by substantial evidence. Additionally, the BIA did not abuse its discretion in denying Petitioner He's motion to reopen.

The IJ's adverse credibility determination is supported by substantial evidence. "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)). "Thus, when a petitioner contends that the IJ's findings are erroneous, the petitioner must establish that the evidence not only *supports* the conclusion, but *compels* it." *Id.* (quoting *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.

1988)). "We look at the totality of the circumstances in deciding whether a finding of persecution is compelled." *Ahmed v. Keisler*, 504 F.3d 1183, 1192 (9th Cir. 2007). We must uphold the agency's adverse credibility determination "so long as even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (citation omitted).

The statement and testimony of Petitioners are not so persuasive they would compel any reasonable adjudicator to grant Petitioners asylum. The IJ and BIA noted some inconsistencies between the Petitioners' statement and a fine receipt. Moreover, the corroborating evidence the Petitioners submitted appears to have undermined their case. Specifically, testimony by a woman who purported to be Guo's sister (but who was not listed as a sibling on his asylum application) was inconsistent, confused, non-responsive, and ultimately failed to shore up Petitioners' claims. A document from a Honolulu clinic at most shows that Petitioner He self-reported a lost pregnancy; it does nothing to corroborate her claims as to the reason, timing, and circumstances of the termination.

On the totality of this record, we cannot conclude that the evidence supporting Petitioners' claims is so compelling that any reasonable adjudicator would have granted them asylum.

There is no time limit on a motion to reopen if "circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). The agency has broad discretion to deny a motion to reopen, and such motions are generally disfavored in the context of removal. *INS v. Doherty*, 502 U.S. 314, 323 (1992).

Petitioner He's evidence of changed country conditions consists of a single unsworn and unauthenticated statement from a woman who claims that she gave birth to two children in the United Kingdom and, after she was deported to China, was forcibly sterilized. The BIA did not abuse its discretion in finding that the statement was not shown to be reliable or genuine evidence of changed country conditions, and thus properly denied the motion to reopen.

**PETITIONS DENIED**.